Mr. Robert E. Mathews, Jr. Attorney for Southwestern Palm Beach County Public Hospital Board
QUESTION:
Is s. 768.28, F.S., applicable to the Southwestern Palm Beach County Public Hospital Board?
SUMMARY:
The Southwestern Palm Beach County Public Hospital Board, which exists as a body corporate and as the governing board of the Southwestern Palm Beach County Hospital District, is a corporation primarily acting as an instrumentality of the county within the definitional purview of s. 768.28(2), F.S. The provisions of s.768.28, F.S., waiving sovereign immunity in tort actions and prescribing monetary recovery limits and other limitations, are applicable to and govern the tort liability of the Southwestern Palm Beach County Public Hospital Board and Hospital District.
Section 1, ch. 26107, 1949, Laws of Florida, as amended, establishes the Southwestern Palm Beach County Public Hospital Board as a body corporate with jurisdiction extending territorially throughout all that part of Palm Beach County which lies west of the eastern boundary line of Range 39, excepting therefrom a certain area described in the statute which constitutes the Northwestern Palm Beach County Public Hospital Board. Section 4, ch. 26107 declares the hospital board to be a body corporate. Chapter 61-2638, Laws of Florida, amends s. 3, ch. 26107 so as to define the term `board' to mean the Southwestern Palm Beach County Public Hospital as created by ch. 26107, and to define the term `district' to mean that area of Palm Beach County over which such board has jurisdiction. In several other parts of ch. 26107, the hospital board and the territorial jurisdiction of the board is denominated a `hospital district' and `district.' Sections 13 and 14, ch. 26107 authorize the hospital board to levy and fix the rate of taxation on all taxable property within the hospital district, not to exceed 10 mills per annum, for payment of any bonded indebtedness and for maintenance of the hospital board. Chapter 26107, as amended, evinces, as a whole, a legislative purpose to create, and the provisions of the Act operate to establish, a corporate body and a corporate taxing district within the territorial area in the county over which the hospital board's jurisdiction extends.
Section 768.28(1), F.S., waives sovereign immunity for liability for tortious acts on the part of the state and its agencies or subdivisions to the extent specified in s. 768.28(5), which also provides that the state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances. See also s.1.01(9), F.S., defining the words `political subdivision' to include `all other districts in this state.' Section 768.28(5) also makes it clear that the waiver of immunity and the prescribed monetary limits apply to the state and its agencies and subdivisions and to tort actions growing out of `proprietary' as well as `governmental' functions of the state and its agencies and subdivisions whether or not they possessed sovereign immunity prior to July 1, 1974. See s. 1, ch. 77-86, Laws of Florida; Jetton v. Jacksonville Electric Authority, Case No. VV-212 (1 D.C.A. Fla., filed May 29, 1981); Cauley v. City of Jacksonville, Case No. 57,756 (Fla., filed July 16, 1981). Cf. AGO's 078-33, 078-106, 078-113, 078-127, and 078-145. Section 768.28(2), F.S., for purposes of that section, defines `state agencies or subdivisions' to `include,' inter alia, `corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities.' Cf. Jetton v. Jacksonville Electric Authority,supra. I would note that the word `include' is ordinarily a term of enlargement, not of limitation, and conveys the conclusion that there are other items includable, though not specifically enumerated by a statute. See Argosy Limited v. Hennigan,404 F.2d 14, 20 (5th Cir. 1968).
I therefore conclude that the Southwestern Palm Beach County Public Hospital Board, which exists as a body corporate and as the governing board of the Southwestern Palm Beach County Hospital District, is a corporation primarily acting as an instrumentality of the county within the definitional purview of s. 768.28(2), F.S. Therefore, the provisions of s. 768.28, F.S., waiving sovereign immunity in tort actions and prescribing monetary recovery limits and other limitations, are applicable to and govern the tort liability of the Southwestern Palm Beach County Public Hospital Board and Hospital District.
Prepared by: William D. Hall, Jr., Assistant Attorney General